# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:11-CV-00033-JHM**

**CINDY JIMENEZ, Administratrix of the
Estate of TYLER BUTLER, deceased,**                                    **PLAINTIFFS**

**V.**

**HOPKINS COUNTY, KENTUCKY, et. al.**                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants, Southern Health Partners, Inc., Henry Davis, M.D., Candace Moss, Renee Keller, Betty Dawes, and Angela Pleasant ("SHP Defendants"), to exclude the expert report and testimony of Plaintiff's expert, Madeleine LaMarre [DN 75]. Fully briefed, these matters are ripe for decision.

### I. STANDARD OF REVIEW

SHP Defendants seek to exclude the testimony of Plaintiff's expert, Madeleine LaMarre, alleging in part that her testimony does not meet the standards of Fed. R. Evid. 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, the trial judge acts as a gatekeeper to ensure that expert evidence is both reliable and relevant. Mike's Train House, Inc. v. Lionel, L.L.C., 472 F.3d 398, 407 (6th Cir. 2006) (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999)). In determining whether testimony is reliable, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 595. The Supreme Court identified a non-exhaustive list of factors that may help the Court in assessing the reliability of a proposed expert's opinion. These factors include: (1) whether a theory or technique can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether the technique has a known or potential rate of error; and (4) whether the theory or technique enjoys "general acceptance" within a "relevant scientific community." Id. at 592–94. This gatekeeping role is not limited to expert testimony based on scientific knowledge, but instead extends to "all 'scientific,' 'technical,' or 'other specialized' matters" within the scope of Rule 702. Kumho Tire Co., 526 U.S. at 147.

Whether the Court applies these factors to assess the reliability of an expert's testimony "depend[s] on the nature of the issue, the expert's particular expertise, and the subject of his testimony." Kumho Tire Co., 526 U.S. at 150 (quotation omitted). Any weakness in the underlying factual basis bears on the weight, as opposed to admissibility, of the evidence. In re Scrap Metal Antitrust Litig., 527 F.3d 517, 530 (6th Cir. 2008) (citation omitted).

## II. DISCUSSION

SHP Defendants argue that the Court should exclude Plaintiff's nursing expert, Madeleine LaMarre because (1) LaMarre is not qualified to opine as to the cause of Butler's death because such an opinion is a medical diagnosis which is outside the scope of her expertise as a nurse and (2) LaMarre cannot opine on whether the SHP Defendants' actions or inactions

rose to the level of negligence or deliberate indifference because Kentucky law specifically prohibits an expert from testifying to legal conclusions. Plaintiff has no objection to the exclusion of LaMarre's expert report at trial. See Engebretsen v. Fairchild Aircraft Corp., 21 F.3d 721, 729 (6th Cir. 1994). Further, Plaintiff does not object to LaMarre being prohibited from offering *her* opinion as to the medical condition that caused Butler's death or from offering her opinion as to whether the Defendants were negligent, grossly negligent, or deliberately indifferent.

However, the SHP Defendants have not contested LaMarre's qualifications to opine on the conduct of the SHP nurses and whether their acts or omissions violated the standard of care and SHP policies and practices. Furthermore, the Court agrees with the Plaintiff that LaMarre is entitled to rely on medically-related facts, including the expert testimony of the state medical examiner Dr. Deirdre Schuluckebier regarding cause of death of Butler, and LaMarre's interpretation of those facts as a basis for her opinions that the LPNs did not comply with generally accepted practices, principles, and standards with regard to Butler's medical care and treatment. To the extent that the SHP Defendants wish to contest Dr. Schuluckebier's opinion regarding Butler's cause of death, and LaMarre's subsequent reliance, such an argument is permissible. However, the Defendants' disagreement on this issue goes to the weight of Schuluckebier and LaMarre's opinions, not their admissibility.

For these reasons, **IT IS HEREBY ORDERED** that Defendants' motion in limine to exclude the report and testimony of Madeleine LaMarre [DN 75] is **granted in part and denied in part** consistent with the opinion of this Court.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

January 13, 2014